UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Autumn White,<br>  Plaintiff(s),<br>v.<br>Costco Wholesale Corporation,<br>  Defendant(s). | Case No. 2:25-cv-01967-ART-NJK<br><br>**Order**<br><br>[Docket No. 8] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 8.

**I. STANDARDS**

The Ninth Circuit has emphasized repeatedly the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has further elaborated that "[t]he use of orders setting a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev.

2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. That an extension request is unopposed "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of [an unopposed] request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178. When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

## II.  ANALYSIS

The stipulation fails to establish good cause for any extension, let alone for an extraordinary extension of 90 days. *Cf.* Local Rule 26-1(b)(1) (establishing that entire discovery period is generally only 180 days).

Discovery diligence is plainly lacking here. The parties held their Rule 26(f) conference months ago on September 23, 2025, and they filed their discovery plan months ago on October 24, 2025, *see* Docket No. 13 at 2; *see also* Docket No. 8 (scheduling order entered on October 27, 2025). In the intervening time, no affirmative discovery has been completed.[1] The only affirmative discovery that has been attempted involves written discovery served more than two months ago that, for reasons unstated, remains unanswered. *See* Docket No. 13 at 5. Otherwise, the stipulation simply indicates that the parties will be setting depositions and otherwise engaging in discovery. *See id.* at 5-7. What is absent is any meaningful discussion as to why none of that discovery has taken place in the preceding months. The stipulation simply makes vague reference to "the holidays [and] schedules of counsel of witnesses," which would account for several months of inaction. *See* Docket No. 13 at 8. The stipulation also makes vague reference to "discussing possible early settlement," *see id.*, which is reasoning that fails as a matter of law to establish good

---

[1] The parties have exchanged their mandatory initial disclosures, but they have not completed any written discovery or any deposition.

2

cause given the lack of discovery diligence, *e.g.*, *Williams*, 627 F. Supp. 3d at 1181 (collecting cases).[2]

Notwithstanding the above, as a <u>one-time</u> courtesy to the parties, the Court will allow a 30-day extension of the case management deadlines. To be crystal clear, the parties must immediately move forward with discovery with the required diligence. The Court is not inclined to extend these deadlines further and will require moving forward a robust showing that the applicable standards have been met.

### III. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part the stipulation to extend case management deadlines. Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial expert disclosures:  February 9, 2026
- Rebuttal experts: March 9, 2026
- Discovery cutoff:  April 8, 2026
- Dispositive motions: May 8, 2026
- Joint proposed pretrial order:  June 8, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 6, 2026

Nancy J. Koppe
United States Magistrate Judge

---

[2] The stipulation appears to indicate that there is good cause for an extension because "[t]his is a significant personal injury matter" with extensive damages claimed. *See* Docket No. 13 at 4. If in fact counsel view this as significant litigation, it is not clear why they have not pursued discovery with haste. *Cf. Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) ("the alleged importance of the documents appears inconsistent with the delay in seeking the documents"). At any rate, the identified claims for damages do not appear particularly significant for a case pending in federal court. *Compare* Docket No. 13 at 4 *with* 28 U.S.C. § 1332 (requiring minimum amount in controversy in diversity cases to exceed $75,000).

3